# Exhibit A

# Complaint and Initial Appearance Fee Disclosure

Electronically Filed
11/19/2020 8:36 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff Lakisha Lewis

CASE NO: A-20-825155-C
Department 4

DISTRICT COURT
CLARK COUNTY NEVADA
* * *

LAKISHA LEWIS,

               Plaintiff,

vs.

SUNRISE HOSPITAL AND MEDICAL CENTER, LLC, a Delaware Limited Liability Company; DOES I-X; and, ROE Business Entities I-X,

               Defendants.

Case No.:

Department No.:

**COMPLAINT**

JURY TRIAL DEMANDED

**Arbitration Exemption: action seeking equitable or extraordinary relief.**

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

**JURISDICTION**

1.    This is a civil action for damages brought by LAKISHA LEWIS against her former employer to redress discrimination and retaliation under state and federal anti-discrimination statutes under NRS 613.330 et seq., and Title VII of the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e to include discrimination and retaliation based on race, religion, and sex and protected activities related to race, religion, and sex. Plaintiff also brings claims for discrimination and retaliation under 42 U.S.C. § 1981.

2.    The events complained of herein took place in Clark County, Nevada.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

3.     Plaintiff timely filed a dual charge with the Nevada Equal Rights Commission (NERC) and the Equal Employment Opportunity Commission (EEOC), Charge No. 487-2020-00008 on February 10, 2020, alleging race, sex, and religion discrimination and retaliation in violation of Nevada and Federal law.  This dual filing was made pursuant to the law and the then-active Work Sharing Agreement between EEOC and NERC.

4.     On August 21, 2020, the EEOC issued Plaintiff a "Notice of Right to Sue." Plaintiff is timely filing this civil action within the requisite 90 days of his receipt of that Notice.

5.     Plaintiff has fully complied with all prerequisites under Title VII and Nevada state statutes to pursue these claims in this court.

## PARTIES

6.     LAKISHA LEWIS (herein "Plaintiff"), is a black African-American female, and at all times complained of herein was a resident of the County of Clark, Nevada.

7.     Defendant, SUNRISE HOSPTIAL AND MEDICAL CENTER, LLC, is a  Delaware Limited Liability Company.  It has continuous and ongoing business operations in the state of Nevada and Clark County and engages in an industry affecting commerce.  It does business as SUNRISE HOSPITAL AND MEDICAL CENTER.  It has well in excess of 500 employees.

8.     Defendants can only operate by and through its employees whether those persons are designated as owners, agents, managers, supervisors, or employees.

9.     Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint.  Plaintiff

2

will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

## ALLEGATIONS COMMON TO ALL CLAIMS

10.   Plaintiff was employed by Defendants from approximately November 5, 2012 through October 21, 2019 as a Supply Chain Technician.

11.   Plaintiff was good at her job and enjoyed her work very much up until the time that the Defendant and its employees engaged in the illegal discrimination and retaliation set forth herein.

12.   Plaintiff performed her job at a level that met or exceeded the reasonable expectations of the Defendants.

13.   The Defendants discriminated against Plaintiff due to her race, black African-American, her sex (female), and her religion (Christian).  Plaintiff was subjected to different and unequal terms and conditions of employment, harassed, and discharged. Her male, non-black, and non-Christian co-workers were treated much more favorably in the terms and conditions of their employment.

14.   The Defendants retaliated against Plaintiff for her engaging in protected activities under NRS Chapter 613, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.  These protected activities included, but were not limited to, Plaintiff complaining to her superiors and to Human Resources about discrimination, and Plaintiff having had a prior charge of discrimination against the Defendant.  The retaliation took several forms, principally Plaintiff was terminated from her employment.

15.   Plaintiff was discriminated against because of her sex, her race, and her religion.  The discriminatory actions taken against her included, but were not limited to, being placed under undue scrutiny of her work, having her work sabotaged, being falsely accused of improper behavior, and

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

disparate treatment when it came to matters of discipline.

16.    On or about October 21, 2019 the Plaintiff was discharged.

17.    The reason given for discharge was false and pretextual.   The real reasons were discrimination and retaliation.

### FIRST CAUSE OF ACTION
### DISCRIMINATION BASED ON
### RACE IN VIOLATION OF FEDERAL AND STATE LAW

18.    Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

19.    Plaintiff is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on race specifically black African-American. Plaintiff was properly performing all his job duties consistent with the employer's reasonable expectations.

20.    Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and the Nevada state statute prohibiting race discrimination, N.R.S. 613.310 *et seq.*, and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

21.    Plaintiff was treated differently because of her race, black African-American. Examples of this differing treatment, as more fully detailed above, include, but are not limited to, being subjected to being adversely treated in matters of discipline, being sabotaged, being lied about, and being generally treated in the workplace in a discriminatory manner in comparison to similarly situated employees not in her protected class.

22.    The aforementioned actions also give rise to an illegal hostile environment based on Plaintiff's race, black African-American. That hostile environment arose out of the cumulative effects of events occurring between April 1, 2019 and October 21, 2019,  which created an illegally

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a sworn Charge with the NERC and EEOC and subsequently amended that Charge on or about February 10, 2020.  The Charge is incorporated here by this reference.

23.    Plaintiff perceived her working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

24.    This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected his work performance, his work-place well-being, and his mental state.

25.    Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation.

26.    These actions constitute violations of federal law prohibiting race discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and Nevada state law, N.R.S. 613.310 *et seq.*

27.    Plaintiff has suffered economic loss as a result of this illegal race discrimination and is entitled to recover an amount sufficient to make her whole.

28.    The Plaintiff suffered the tangible adverse employment action of termination from employment.

29.    Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

30.    Plaintiff has suffered emotional distress, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

31.    Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

32.    As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to

**KEMP & KEMP**
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

engage the services of an attorney and expend costs to pursue and protect her rights under the law.

33.   Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

**SECOND CAUSE OF ACTION**
**DISCRIMINATION BASED ON**
**SEX IN VIOLATION OF FEDERAL AND STATE LAW**

34. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

35. Plaintiff is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on sex, female.  Plaintiff was properly performing all his job duties consistent with the employer's reasonable expectations.

36. Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and the Nevada state statute prohibiting sex discrimination, N.R.S. 613.310 *et seq.*, and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

37. Plaintiff was treated differently because of her sex, female. Examples of this differing treatment, as more fully detailed above, include, but are not limited to, being subjected to being adversely treated in matters of discipline, being sabotaged, being lied about, and being generally treated in the workplace in a discriminatory manner in comparison to similarly situated employees not in her protected class.

38. The aforementioned actions also give rise to an illegal hostile environment based on Plaintiff's sex, female. That hostile environment arose out of the cumulative effects of events occurring between April 1, 2019 and October 21, 2019,  which created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

which Plaintiff dual-filed a sworn Charge with the NERC and EEOC and subsequently amended that Charge on or about February 10, 2020. The Charge is incorporated here by this reference.

39. Plaintiff perceived her working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

40. This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected his work performance, his work-place well-being, and his mental state.

41. Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation.

42. These actions constitute violations of federal law prohibiting sex discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and Nevada state law, N.R.S. 613.310 *et seq.*

43. Plaintiff has suffered economic loss as a result of this illegal sex discrimination and is entitled to recover an amount sufficient to make her whole.

44. The Plaintiff suffered the tangible adverse employment action of termination from employment.

45. Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

46. Plaintiff has suffered emotional distress, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

47. Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

48. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect her rights under the law.

49. Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

### THIRD CAUSE OF ACTION
### DISCRIMINATION BASED ON
### RELIGION IN VIOLATION OF FEDERAL AND STATE LAW

50. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

51. Plaintiff is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on religion specifically Christian. Plaintiff was properly performing all his job duties consistent with the employer's reasonable expectations.

52. Defendants, as employers, are subject to the federal statute prohibiting discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and the Nevada state statute prohibiting religion discrimination, N.R.S. 613.310 *et seq.*, and thus have a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination. They failed to do so.

53. Plaintiff was treated differently because of her religion, Christian. Examples of this differing treatment, as more fully detailed above, include, but are not limited to, being subjected to being adversely treated in matters of discipline, being sabotaged, being lied about, and being generally treated in the workplace in a discriminatory manner in comparison to similarly situated employees not in her protected class.

54. The aforementioned actions also give rise to an illegal hostile environment based on Plaintiff's religion, Christian. That hostile environment arose out of the cumulative effects of

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

events occurring between April 1, 2019 and October 21, 2019, which created an illegally hostile environment within the limitation period under Title VII and the Nevada Statute and for which Plaintiff dual-filed a sworn Charge with the NERC and EEOC and subsequently amended that Charge on or about February 10, 2020. The Charge is incorporated here by this reference.

55. Plaintiff perceived her working environment to be abusive or hostile as would a reasonable person in Plaintiff's circumstances. The hostile work environment was severe or pervasive and altered the terms and conditions of Plaintiff's employment.

56. This illegal and hostile environment made it more difficult for Plaintiff to do his job, affected his work performance, his work-place well-being, and his mental state.

57. Defendants had actual and constructive knowledge of the intolerable conditions and discrimination to which Plaintiff was subjected, but chose not to remedy the situation.

58. These actions constitute violations of federal law prohibiting religion discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and Nevada state law, N.R.S. 613.310 *et seq.*

59. Plaintiff has suffered economic loss as a result of this illegal religion discrimination and is entitled to recover an amount sufficient to make her whole.

60. The Plaintiff suffered the tangible adverse employment action of termination from employment.

61. Plaintiff is entitled to reinstatement, back pay, front pay in lieu of reinstatement, and any other monetary and equitable remedies contemplated by state and federal anti-discrimination laws.

62. Plaintiff has suffered emotional distress, humiliation, and mental anguish and is entitled to be compensated for those inflictions under the aforementioned federal statute.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

63.   Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions.

64.   As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect her rights under the law.

65.   Defendants have acted with malice, fraud or oppression and a conscious disregard of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF FEDERAL AND STATE LAW

66.   Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

67.   The aforementioned state and federal statutes prohibiting discrimination also separately prohibits employers from retaliating against any individual engaging in protected activity which includes reporting, complaining about, or raising concerns, and opposing possible discrimination or acts which might constitute discrimination.

68.   Defendants' subjected Plaintiff to retaliation after, and as a result of, her engaging in protected activity as more fully detailed herein.  Plaintiff's protected activities include: 1) reporting, complaining and opposing the illegal actions of her managers and co-workers; 2) the continual communication with Defendants regarding the illegal actions and discrimination; and 3) having previously filed a charge of discrimination with the EEOC.

69.   The actions and conduct by Defendants would deter Plaintiff and others from reporting, complaining, opposing or otherwise engaging in protected conduct, thus constituting illegal retaliation because Title VII has been held to prohibit employer's actions which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

*Burlington Northern Co. v. White,* 548 U.S. 53 (2006). Nevada state discrimintion law is held to mirror Federal law.

70. Defendants failed to take reasonable actions to prevent retaliation against Plaintiff. To Plaintiff's knowledge and perception, after she complained and otherwise engaged in protected activities, no preventive or remedial actions were taken to prevent retaliation.

71. The aforementioned action and conduct of Defendants constitutes illegal retaliation prohibited under state and federal law.

72. As a direct and proximate cause of Defendants' wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff has been seriously harmed, economically and emotionally, and is, therefore, entitled to be fully compensated.

73. Plaintiff is entitled to punitive damages under federal law in an amount sufficient to punish Defendants and to deter them from engaging in these actions involving a conscious disregard of Plaintiff's rights under the law.

74. As a result of Defendants' acts described in this Complaint, Plaintiff has been forced to engage the services of an attorney and expend costs to pursue and protect his rights under the law.

**FIFTH CAUSE OF ACTION:**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1981**

75. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

76. Defendants have violated the Civil Rights Act of 1866, as amended, through the actions of their managers and officials in failing to provide equal contractual opportunities to black African –American employees.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

77. Defendants intentionally discriminated against Plaintiff because of her race in her contractual relations with Defendants.

78. Plaintiff has been harmed by Defendants' actions, has suffered damages, and is entitled to be fully compensated therefor.

79. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal law. Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

80. As a result of Defendants' actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect her legal rights through this action and is, therefore, entitled to recover her reasonable attorney fees and costs in an amount to be determined.

## SIXTH CAUSE OF ACTION:
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

81. Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

82. Plaintiff was retaliated against after she opposed and complained about the discriminatory treatment she received in Defendants' workplace.

83. Plaintiff suffered one or more adverse job consequences intentionally imposed by Defendant, as detailed above. These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

84. Plaintiff's employment was terminated by Defendants when she was discharged due to discrimination based on race and retaliation for Plaintiff having opposed and complained about the discriminatory and illegal treatment.

85. Defendants' discriminatory and retaliatory treatment of the Plaintiff in her employment was in violation of 42 U.S.C. § 1981.

86. Plaintiff suffered mental anguish, humiliation and emotional distress as a direct and proximate result of Defendants' actions.

87. Plaintiff has suffered and will suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

88. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal and/or Nevada law. Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

89. As a result of Defendants' actions, Plaintiff has been required to hire an attorney and expend fees and costs to pursue and protect his legal rights through this action and is, therefore, entitled to recover his reasonable attorney fees and costs in an amount to be determined.

**WHEREFORE**, Plaintiff expressly reserves the right to amend his Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands judgment against the Defendants, upon each of them, as follows:

A.     All applicable monetary relief provided for under Federal law, common law and Nevada state law including, but not limited, to the following:

1.   Money damages in excess of $15,000.00;

2.   Economic damages including, but not limited to, lost wages or income and benefits of employment, incidental and consequential damages;

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

3.  Equitable and extraordinary relief in the form of an order reinstating Plaintiff to his position/shift in accordance with NRS, Title VII and/or other applicable law, or front pay in lieu of reinstatement;

4.  General damages including emotional distress and general economic harm;

5.  Nominal damages if appropriate;

6.  Punitive and/or Exemplary damages to deter the Defendants from future malicious, fraudulent, willfully illegal, and/or oppressive conduct of a similar nature;

7.  Pre-judgment and post-judgment interest on the amounts awarded at the prevailing legal rate;

8.  For an additional amount to account for any taxes Plaintiff may be called upon to pay in relation to any award made herein;

9.  Reasonable attorney fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule; and

B.  A trial by jury on all issues that may be tried to a jury; and/or

C.  For such other and further relief as the Court may deem just and proper.

DATED November 19, 2020

_____
/s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
KEMP & KEMP
7435 W. Azure Drive, Ste 110
Las Vegas, NV  89130
702-258-1183 ph./702-258-6983 fax

*Attorneys for Plaintiff*

Electronically Filed
11/19/2020 8:36 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/(702) 258-6983
jp@kemp-attorneys.com
Attorney for Plaintiff

CASE NO: A-20-825155-C
Department 4

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| LAKISHA LEWIS, | ) |
| | ) Case No.: |
| Plaintiff, | ) |
| | ) Dept. No. |
| vs. | ) |
| | ) |
| SUNRISE HOSPITAL AND MEDICAL | ) |
| CENTER, LLC, a Delaware Limited Liability | ) |
| Company; DOES I-X; and, ROE Business | ) **INITIAL FEE DISCLOSURE** |
| Entities I-X, | ) |
| Defendants. | ) |
| . | ) |
| | ) |

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

parties appearing in the above entitled action as indicated below:

LAKISHA LEWIS, Plaintiff          $270.00
TOTAL REMITTED:                  $270.00

Plaintiff demands a jury trial.

DATED November 19, 2020

_____/s/James P. Kemp_____
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
Attorney for Plaintiff

1